**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

January 22, 2019

VIA HAND DELIVERY OR U.S. MAIL
Eugene & Soon Sik Villarreal, Pro Se
501 Lincoln Avenue
Ridgefield, NJ 07657

VIA ECF
All Counsel for Defendants

**LETTER ORDER**

Re: **Eugene Villarreal, et al. v. State of New Jersey, et al.
Civil Action No. 18-cv-10444**

Dear Litigants:

Before the Court are Defendants' motions to dismiss the Complaint filed by pro se Plaintiffs Eugene Soon Sik Villarreal ("Plaintiffs"), ECF No. 1, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF Nos. 11, 20, 38. Plaintiffs opposed Defendants' motions. ECF Nos. 17, 24, 28, 31, 44. On January 22, 2019, Plaintiffs also filed an ex parte application for an order to stay their eviction. For the reasons set forth below, Defendants' motions are **GRANTED** and Plaintiffs' ex parte application for injunctive relief is **DENIED** as moot.

### I. BACKGROUND

While Plaintiffs' Complaint is not clear, it appears that this matter arises out of foreclosure proceedings instituted against Plaintiffs in New Jersey Superior Court on March 17, 2009. See Compl. Plaintiffs allege that Defendants engaged in illegal acts to deprive them of their property following the filing of the foreclosure complaint. See id. Specifically, Plaintiffs allege that several Defendants fabricated signatures on court filings. See id. Plaintiffs therefore filed the instant action on June 12, 2018 against numerous public entities, public employees, and private individuals alleging violations of their due process rights and their rights under "federal Public Law 39-26." See id. at 14.

On July 23, 2018, Defendant Michael Saudino, in his official capacity as Bergen County

Sheriff and in his individual capacity, filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 11. Defendant Saudino argued, among other things, that this Court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. ECF No. 11.1 at 22–28. On August 15, 2018 and November 21, 2018, the remaining Defendants[1] filed separate motions to dismiss, but joined Defendant Saudino's motion with respect to its argument that this Court lacks subject matter jurisdiction. ECF Nos. 20, 38.

Because the Court agrees that it lacks subject matter jurisdiction, the Court need not address Defendants alternative arguments here.

## II. LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court must first decide whether the defendant's motion presents a facial or factual attack. See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack challenges subject matter jurisdiction "without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (quoting Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006)). In contrast, a factual attack challenges the factual allegations in the complaint, either through the filing of an answer or otherwise presenting competing facts. Id.

Here, Defendants argue that the facts pled do not establish subject matter jurisdiction under the Rooker-Feldman doctrine. Thus, Defendants' motions must therefore be construed as a facial attack. See In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625, 632 (3d Cir. 2017). Accordingly, in considering Defendants' motions to dismiss, the Court accepts the facts in the Complaint as true and draws all reasonable inferences in favor of the nonmoving party. Constitution Party of Pa., 757 F.3d at 358.

## III. ANALYSIS

Defendants argue that Plaintiffs claims are nothing more than an attack on the state court's judgment of foreclosure. Therefore, Defendants contend that this Court lacks subject matter jurisdiction to entertain Plaintiffs' claims. The Court agrees.

The Rooker-Feldman doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments" because such appellate jurisdiction rests solely with

---

1 Defendants Thomas J. Sullivan, Germaine M. Ortiz, Mary J. Amoroso, David L. Ganz, Steven A. Tanelli, Joan M. Voss, and Tracy S. Zur joined the August 15, 2018 motion. ECF No. 20. Defendants State of New Jersey, Michelle M. Smith (Clerk of Superior Court, Superior Court of New Jersey Bergen Vincinage), Hon. Ellen L. Koblitz, J.A.D., Hon. Edward A. Jerejian, J.S.C., and Hon. Menelaos W. Toskos, J.S.C joined the November 21, 2018 motion. ECF No. 38.

the United States Supreme Court. In re Madera, 586 F.3d 228, 232 (3d Cir. 2009). Accordingly, claims are barred by Rooker-Feldman when: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Here, all four elements are met. First, Plaintiffs' claims arise from their dissatisfaction with the orders entered in the underlying state court foreclosure matter. Indeed, Plaintiffs have since filed a Notice of Lis Pendens against the property, ECF No. 7, as well as a motion for an emergency order to stay their eviction. Plaintiffs acknowledge that they lost on the foreclosure issue in state court when the Final Judgment of Foreclosure and Writ of Execution were filed on May 13, 2016. See Compl. Second, Plaintiffs' claimed injuries are based upon the enforcement of the judgment of foreclosure and other state court orders relating to the foreclosure. See, e.g., id. at 33 (listing the following injuries: loss of title to real property, loss of personal property, damage to earning capacity, lost earnings, physical pain and mental anguish in the past and future, property damage, disruption of family harmony); see also id. at 10 (alleging misconduct by Defendants "every day since" the foreclosure complaint was filed). Third, the judgment of foreclosure was rendered over two years prior to Plaintiffs' filing of the instant lawsuit.

Finally, the Complaint makes clear that Plaintiffs seek relief which would require this Court to find that the state court was wrong. See Easley v. New Century Mortg. Corp., 394 F. App'x 946, 947–48 (3d Cir. 2010) ("[A] claim is barred by Rooker-Feldman . . . if the federal relief can only be predicated upon a conviction that the state court was wrong." (internal quotation marks omitted)). The Third Circuit has "specifically held that the Rooker-Feldman doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." Nest v. Nationstar Mortgage, LLC, 16-4282 (ES) (MAH), 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (listing cases); see, e.g., Moncrief v. Chase Manhattan Mortg. Corp., 275 F. App'x 149, 152 (3d Cir. 2008) (district court correctly relied on the Rooker-Feldman doctrine to dismiss plaintiff's claims for redress from a state court foreclosure decision); Ayres–Fountain v. E. Sav. Bank, 153 F. App'x 91, 92 (3d Cir. 2005) (district court lacked jurisdiction under the Rooker-Feldman doctrine to hear claims related to state foreclosure action); Pena v. U.S. Bank Nat'l Assoc., et al., No. 15-1476, Dkt. No. 21 (D.N.J. July, 9, 2015) (dismissing claims under Rooker-Feldman where a state foreclosure action is at issue); Gibbs v. Gov't Nat'l Mortg. Assoc., No. 15-2601, Dkt. No. 37 (D.N.J. Jan. 14, 2016); Thomas v. Bank of New York, et. al., No. 15-1882, Dkt. No. 13. Accordingly, the Court cannot hear these claims.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are **GRANTED**. Plaintiff's motion for injunctive relief is **DENIED** as moot. The Court respectfully requests that the Clerk of Court close the case.

**SO ORDERED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**